ALLENDE, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

### APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage Deed.

No. 461.—Decided June 3, 1920.

RECORD OF TITLE—CONJUGAL PARTNERSHIP—LIQUIDATION—MORTGAGE.—A property having been first recorded in the registry as conjugal partnership property and afterwards in the names of the widower and children by reason of the death of the wife, a mortgage created by the widower on his half of the community property is recordable, but subject to the result of a liquidation of the conjugal partnership.

The facts are stated in the opinion.

*Mr. Pedro González* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan Allende created a mortgage on an undivided half interest in a certain urban property in Santurce, P. R. The deed having been presented in the registry, the registrar refused to record it because the said property was recorded as an undivided common property in the names of Allende and his children and without specification of their several estates.

The registry shows that the property in question was acquired by Allende while married and that upon the death of his wife their legitimate children and Allende himself, in the usufructuary portion fixed by law, were designated as her heirs, after which the widower asked that the property be recorded in the registry in the following manner: An undivided moiety in his name and the other moiety in his name as usufructuary with the remainder in the names of his children in undivided equal parts. The registrar only recorded the property as a common property in the names of Allende and his children, without specification of their respective estates. Under these circumstances Allende executed the said mortgage deed in the manner above stated.

The registrar cites in support of his decision article 20

of the Mortgage Law and the jurisprudence established by this court in *Ríos* v. *The Registrar*, 19 P. R. R. 708; *Paulo* v. *Registrar of Guayama*, 23 P. R. R. 295, and *Rossy* v. *Registrar of San Juan*, 23 P. R. R. 513.

Article 20 of the Mortgage Law declares that in order to permit of the record of a deed conveying or encumbering the ownership or possession of real property or real rights, the title of the person who makes the conveyance or creates the lien, or in whose name it is made or created, must have been recorded previously, and the jurisprudence cited is as follows:

"A liquidation of the conjugal partnership is not an indispensable requisite in order that a property belonging to said partnership and previously recorded in the name of the deceased spouse may be recorded *pro indiviso* in the names of the surviving spouse and the children. It is sufficient for this purpose to present in the registry the will with the certificate of death of the testator or the judicial designation of heirs.

"The deed of inventory, partition and distribution of the property is indispensable when the surviving spouse and children desire to have recorded in their names separately their individual shares in the property appearing recorded in the name of the deceased, and not the whole undivided property." *Ríos* v. *The Registrar, supra.*

"When the heirs have recorded in the registry only their title of intestate inheritance in common and *pro indiviso* with the surviving spouse in a certain property of the estate, they can convey only that indefinite and indeterminate interest as it appears in the registry, but not a joint interest equal to one-half of the value of the said property which, not being recorded in the name of the vendor, can not be recorded in the name of the purchaser, for the reason that it is prohibited by article 20 of the Mortgage Law." *Paulo* v. *Registrar of Guayama, supra.*

"By the death of one of the spouses there accrues to the survivor, by virtue of the dissolution of the conjugal partnership, a right to the full ownership of one-half of the property which, upon the liquidation of the said partnership, is shown to be community property, but the survivor does not become the sole owner of one-half of the

property by the mere fact of the death of the other and can not dispose of such moiety as his own in -whole or in part although he may dispose of his interest therein.'' *Rossy* v. *Registrar of San Juan, supra.*

Whether or not article 20 of the Mortgage Law prohibits the recording of the mortgage in this particular case depends upon the amplitude given to the record of the community property belonging to the Allende partnership in the names of Allende and their children after the death of the wife. The jurisprudence cited clearly supports the position taken by the registrar in his decision.

But subsequent to the *Ríos, Paulo* and *Rossy Cases,* this court decided the cases of *Capó* v. *Fernández,* 27 P. R. R. 656, and *Santini et al.* v. *Díaz San Miguel et al.,* 27 P. R. R. 746, in which, while recognizing the true functions of the partition of the estate and the liquidation of the conjugal partnership, it also recognized the immediate effectiveness of the hereditary right and the dissolution of the partnership, thus adopting a. liberal view which both guarantees all the rights involved and allows. claims and compromises which otherwise would be difficult or impossible. This view necessarily forces us to modify our jurisprudence on the matter in relation to the registries of property.

In the case of *Dávila* v. *Registrar of Caguas, ante,* page 183, in which Jesús María Maldonado, after obtaining an order designating him and his fourteen brothers and sisters as the intestate heirs of his father, Nemesio Dávila, asked for the record of his hereditary right as to an undivided one-thirtieth in a property which was recorded in the name of his father as community property and the registrar recorded only his undivided hereditary right without specifying its extent, this court, speaking through Mr. Justice Aldrey, said:

''In accordance with our decision in *Capó* v. *Fernández,* 27 P. R. R. 656, the appellant is entitled to one-thirtieth of the property acquired by the conjugal partnership of which his father was a mem-

ber, because at the very moment of the father's death his rights discended to his heirs, although the conjugal partnership was not liquidated nor the estate partitioned, for when there is no will the law fixes the rights of the heirs as an equal share each."

The fact that when Allende asked for the record of an undivided moiety of the community property in his name and the other moiety in the names of the heirs the registrar only recorded the property *pro indiviso* and Allende did not appeal, does not prevent, in our opinion, Allende from executing the mortgage deed as he did, nor that the said deed be recorded in the registry, for although the registrar did not specify the extent of the right of each, as he should have done for the sake of clearness, and as undoubtedly this court would have ordered him to do if Allende had duly appealed, such extent of right can be no other than that determined by law. Construing the record referred to in the light of the only law applicable to the case, it is necessary to conclude that half of the property belonged to the surviving spouse and the other half to the heirs, the whole remaining, of course, undivided and subject to the result of the liquidation of the conjugal partnership and the partition of the estate.

Furthermore, in the case of *Becerra* v. *Registrar of Guayama,* 27 P. R. R. 770, this court clearly expressed its view of the matter. The opinion was delivered by Mr. Justice Hutchison and reads as follows:

"Diego Becerra, surviving spouse, as owner of an undivided one-half interest in certain real estate acquired during marriage, executed a mortgage on his interest in such property.

"Record of this instrument was refused on the ground that the undivided interest in question had not been duly recorded in the name of the mortgagor after liquidation of the conjugal partnership.

"The property in question was already of record in the name of Becerra as community property. The children had been decreed to be the sole and universal heirs of the deceased wife. The husband continued as the record owner of an undivided one-half in the com-

munity real estate, subject, of course, to the result of the liquidation of the conjugal partnership. He did not attempt to mortgage more than this.

"Mention of the fact that the real estate interest so encumbered is subject to the result of such liquidation would suffice to warn third persons dealing with the property, and we see no reason why the mortgage should not be recorded, with a proper reference to the apparent omission of a formal liquidation."

By virtue of the foregoing we are of the opinion that the decision appealed from should be reversed and the registrar ordered to make the record asked for, subject to the result of the liquidation of the conjugal partnership.

*Reversed.*

Mr. Justice Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.

Chief Justice Hernández and Justice Aldrey dissented.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

The only question of law to be considered in this case is whether after a certain town property is recorded in the registry *pro indiviso* in the names of Juan Allende and the heirs of the deceased wife, without specifying the extent of the ownership right of each, a mortgage created by the widower on half of said property can be recorded.

The question is easily decided by applying article 20 of the Mortgage Law, the pertinent part of which reads as follows:

"In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record."

In this case it is sought to record a lien created by the widower upon one-half of a town property as his separate property; but the ownership of that one-half does not ap-

pear recorded in his name in the registry; the whole property being recorded *pro indiviso* in the names of the widower and the heirs of the deceased wife. There is lacking, therefore, an indispensable requisite in order that the mortgage may be recorded without violating the statute transcribed.

The question of what estates correspond to the widower and the heirs of the wife in the property is not subject to discussion. That question could have been considered if an appeal had been seasonably taken to this court from the decision of the registrar whereby he recorded only the undivided ownership of the whole property in the names of Allende and his children without specifying the extent of their estates, although such specification was asked for. The same occurred in the case of *Dávila* v. *Registrar of Caguas,* cited in the majority opinion. Inasmuch as the said decision was not appealed from there became established a status of rights whereunder it can be held only that the property in question is recorded in the registry *pro indiviso* in the names of the widower and the heirs of the wife, without determining the estates of each of them.

For the foregoing reasons, dissenting from the majority opinion of the court, I think that the decision appealed from should have been affirmed.